IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Carnie Monts, | ) | |
| | ) | Civil Action No.: 6:20-cv-02805-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| Warden Barnes, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on October 8, 2020. (ECF No. 10.) The Report recommends that the court dismiss without prejudice Carnie Monts' ("Plaintiff") Petition for a Writ of Habeas Corpus (ECF No. 1) based on a lack of subject matter jurisdiction. For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 10) and incorporates it herein, and **DISMISSES** without prejudice Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

    The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 10.) As brief background, on January 5, 2017, Plaintiff pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 25 at 1.) Plaintiff was thereafter sentenced to "120 months' imprisonment followed by three years supervised release and a $100 special assessment."[1] (*Id.* at 2.) Plaintiff now "seeks habeas

---

[1] Plaintiff was convicted and sentenced in the United States District Court for the District of New Jersey. (*See* ECF No. 10 at 2.)

relief pursuant to 28 U.S.C. § 2241, claiming that his conviction and sentence are unconstitutional in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019)." (ECF Nos. 1 at 6; 10 at 2.)

The Magistrate Judge issued the Report on October 8, 2020. (ECF No. 10.) In a thorough and well-reasoned analysis, the Magistrate Judge determined the court lacked subject matter jurisdiction over the pending matters. (*Id.* at 8.) Specifically, the Magistrate Judge observed Plaintiff's Petition, which was brought under § 2241, could survive only if Plaintiff first showed "the relief available to him under § 2255 was inadequate or ineffective." (*Id.* at 4.) For relief to be "inadequate or ineffective" under § 2255 (also known as the "savings clause"), the Magistrate Judge explained that Plaintiff was required to show:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

(*Id.* at 4-5 (citing *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)).)

The Magistrate Judge ultimately found Plaintiff to meet the savings clause test because he had not filed a § 2255 Motion. (ECF No. 10 at 5.) Regardless, the Magistrate Judge further explained Plaintiff failed at element two because he did not show the conduct underlying his conviction was no longer criminal. (*Id.*) Although *Rehaif*, which was decided after Plaintiff's conviction, required the government to additionally "prove both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm," here the Magistrate Judge concluded such requirements were met because Plaintiff "pled guilty to being a felon in possession of a firearm—thus admitting all the facts essential to sustain his conviction under § 922(g)." (*Id.*) The Magistrate Judge further concluded that Plaintiff's reliance on Fourth Circuit precedent was unavailing for two reasons: (1) the

2

applicable substantive law was that of his sentencing court, which was within the Third Circuit; and (2) even so, Plaintiff's cited Fourth Circuit cases dealt with direct appeals, while "[h]ere, the petitioner seeks collateral, not direct, review of his conviction; as such, neither *Lockhart*[2] nor *Gary*[3] provide a basis for relief for the petitioner." (ECF No. 10 at 5-6.) The Magistrate Judge then decided that Plaintiff's claims of "actual innocence" were facially deficient. (*Id.* at 6-7.)

Lastly, even liberally construing Plaintiff's request for re-sentencing "as a challenge to the sentence he received," the Magistrate Judge nonetheless found Plaintiff could not show "that subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review" primarily because he never filed a motion under § 2255. (ECF No. 10 at 7 (citing *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018)) (internal marks omitted).) The Magistrate Judge further stressed that even if Plaintiff had filed a § 2255 motion, the Third Circuit ruled that *Rehaif* is not retroactively applied on collateral review. (ECF No. 10 at 7-8 (citing *In re Sampson*, 954 F.3d 159, 161 n.3 (3d Cir. 2020)). The Magistrate Judge ultimately recommended dismissing the action without prejudice. (*Id.* at 8.) Neither party has filed objections to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of

---

[2] *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020).
[3] *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020).

3

those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Here, neither party has objected to the Report and the court discerns no clear error on the face of the record. The court has carefully examined the findings of the Report and concludes the Petition must be dismissed due to a lack of subject matter jurisdiction. *See* FED. R. CIV. P.

4

12(h)(3) ("[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Platts v. O'Brien*, 691 F. App'x 774 (4th Cir. 2017) (dismissing § 2241 petition without prejudice "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits" (citation omitted)).

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10) and incorporates it herein, and **DISMISSES** without prejudice Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1).

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 24, 2020
Columbia, South Carolina